# UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| ALVIN WILLIAMS, | ) |
| | ) |
|           **Plaintiff,** | ) |
| v. | )    No.: 18-cv-1383-MMM |
| | ) |
| GUY D. PIERCE, et al., | ) |
| | ) |
|           **Defendants.** | ) |

## MERIT REVIEW ORDER

Plaintiff, proceeding *pro se*, asserts an action under 42 U.S.C. § 1983, alleging a host of violations, including procedural due process and retaliation at the Pontiac Correctional Center ("Pontiac"). The case is before the Court for a merit review pursuant to 28 U.S.C. § 1915A. In reviewing the Complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649-51 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013)(citation and internal quotation marks omitted). While the pleading standard does not require "detailed factual allegations", it requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Wilson v. Ryker*, 451 Fed. Appx. 588, 589 (7th Cir. 2011) quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Plaintiff has filed an overly long, confusing 40-page complaint with an additional 53 pages of exhibits. The exhibits for the most part, contain grievances and plaintiff's communications with Internal Affairs and were not reviewed in the drafting of this order. *See Fitzgerald v. Dep't of Corr.*, 07-61, 2007 WL 951861, at *1 (W.D. Wis. Mar. 26, 2007)

(declining to review grievances attached as exhibits to the complaint as, "none… are necessary to the complaint.")

Plaintiff asserts that on October 4, 2015, another inmate, Terrance Jenkins, was assaulted by officers and subsequently died "due to paper that had been shoved down his throat." Plaintiff states that an unidentified confidential informant reported to Internal Affairs officers that Plaintiff was proposing retaliation for Jenkins's death.

On October 15 or 16, 2015, a task force searched Plaintiff's cell and confiscated personal records, including staff overtime lists and movement charts and placed Plaintiff in East House segregation. On the following day, Defendant Cox escorted him to personal property and instructed him to seal his five excess legal boxes. When Plaintiff showed Defendant Cox his "2011 Table of Organizations," not otherwise identified, Defendant confiscated it.

On October 27, 2015, Plaintiff was taken to Internal Affairs to undergo a Voice Stress Analysis ("VSA") or lie detector. Plaintiff claims that the unidentified VSA examiner and Defendant Lieutenant Davidson coerced him into submitting to the test by threatening him with segregation if he refused. He claims, further, without any detail, that the VSA examiner fabricated evidence. Plaintiff was thereafter released from segregation and taken back to the South Protective Custody unit. On the following day, October 28, 2015, Plaintiff was returned to segregation where he was placed on a 30-day term of investigative status. On October 29, 2015, he was served with a copy of a disciplinary ticket but does not identify the infraction charged.

On November 2, 2015, Plaintiff received that personal property which is allowed to inmates in segregation. Plaintiff noted, however, that when he reviewed his property several unidentified items were missing. Plaintiff sent three subsequent requests to Internal Affairs and Defendant Lieutenant Forbes, requesting that they return all allowable and "exculpatory"

documents so he might present them to the Adjustment Committee. He subsequently submitted a list, and amended list, of witnesses whom he wished to testify in person at the hearing. It appears that these witnesses were not called and Plaintiff subsequently filed a grievance of the issue. Plaintiff asserts that Defendant Jackie Jones, the Grievance Officer, denied the grievance and that Defendant Warden Pearce signed-off on the denial.

On November 23, 2015, Plaintiff had a hearing before Adjustment Committee members, Defendants Salinas and Brown. Plaintiff claims, without elaboration, that he was mocked and made fun of, and denied a meaningful hearing. As previously noted, he also asserts that his witnesses were not called. On December 22, 2015, the Adjustment Committee found him guilty of the infraction and Defendant Pierce approved the finding. Plaintiff appealed to the Administrative Review Board ("ARB") and, on March 21, 2016, the conviction was expunged.

Plaintiff claims that Defendants Salinas and Brown violated his to process rights when they refused to give him a two-week extension of the hearing date. He also claims that they denied him the use of a "segregation pen" so he could take notes at the hearing. He claims that Defendants failed to interview his witnesses or any other witnesses who might have had relevant information.

Plaintiff makes a vague claim that "all Defendants" retaliated against him through the investigation and hearing process. He claims that, as a result, he was kept in segregation on investigation status, behind a perforated steel door. He claims that Defendants Steinbeck, Juan Doe and Unknown Offender "greased the wheels. setting the whole incident in motion…" without identifying any particular conduct on their parts. This is insufficient to state a cognizable claim and Defendants Steinbeck, Juan Doe and Unknown Offender are DISMISSED.

Plaintiff claims that Defendants Forbes and Cox violated his constitutional rights as they did not conduct a thorough investigation and did not interview Plaintiff's witnesses. He also asserts that they failed to return legal documents pertaining to Plaintiff's a criminal case but does not indicate how this affected his defense in the disciplinary charges. Plaintiff claims that Defendant Cox wrongfully seized his Table of Organization but does not identify what that document contained, or indicate in what way the lack of it caused him harm. Plaintiff claims that Defendants Forbes and Cox refused to provide him "relevant and/or exculpatory documents/evidence" without identifying such evidence or even asserting that Defendants had possession of it. He claims that Defendant Forbes abused his authority when he stated, "you know, I could really fuck you with this overtime list."

Plaintiff claims that Defendant Davidson failed to oversee and direct Defendants Forbes and Cox. He claims that Davidson and the VSA Examiner "baited and entrapped" him when they told him that if he did not take the lie detector he would be taken to investigative segregation. He also complains that Defendants did not provide him the statements of the witnesses against him, though they read portions of the statements to him. Plaintiff claims that he should have received a copy of the VSA test so that he could dispute it.

Plaintiff complains that Defendants Pearce and James violated his rights to due process when they denied his grievances as to the disciplinary procedures. Plaintiff alleges that Defendant Officer Fike, failed to protect his legal boxes. He also makes an unrelated claim that Defendant Fike failed to provide him with adequate cleaning supplies and failed to ensure that the showers on A Gallery were "properly cleaned and sanitized." Plaintiff asserts that Defendant Prentice failed to give approval for Plaintiff to have a knee sleeve/brace and failed to provide

4

him adequate cleaning supplies. He asserts that this was done in retaliation for his perceived threats against staff.

Plaintiff claims that the that he was subjected to atypical conditions in investigatory segregation. These included being held behind a perforated steel door, being shackled and handcuffed during transportation, reduced hours of visitation, no yard time, no access to the law library, no telephone calls and no use of audio-visual equipment. Plaintiff, thereafter, makes apparently unrelated conditions of confinement claims asserting that he has been placed in cells throughout the facility where he has encountered blistering paint; poor ventilation; poor heating and cooling; lack of mops, brooms, buckets and cleaning supplies; and cold and unappetizing meals. Plaintiff also asserts problems with the delivery of his mail, the denial of state pay and inadequate medical treatment.

Plaintiff has clearly and impermissibly, attempted to join numerous unrelated claims in one complaint. *See Wheeler v. Wexford*, 689 F.3d 680 at *5 (7th Cir 2012). "A litigant cannot throw all of his grievances, against dozens of different parties, into one stewpot. Joinder that requires the inclusion of extra parties is limited to claims arising from the same transaction or series of related transactions. See Fed.R.Civ.P. 18, 20; *George v. Smith,* 507 F.3d 605 (7th Cir. 2007)." These generalized conditions of confinement, medical and mail claims are dismissed for misjoinder. If Plaintiff wishes to pursue these claims, he must file them in separate actions with responsibility for each additional filing fee.

Plaintiff also fails to state a claim against Defendants Pearce and Jones for denying his grievances. "[T]he alleged mishandling of [Plaintiff's] grievances by persons who otherwise did not cause or participate in the underlying conduct states no claim." *Owens v. Hinsley,* 635 F.3d 950, 953 (7th Cir. 2011). *See Jones v. Butler,* No. 14-00846, 2014 WL 3734482 *2 (S.D. Ill.

5

July 29, 2014) ("to be liable under [Section] 1983, an individual defendant must have caused or participated in a constitutional deprivation." *Pepper v. Village of Oak Park,* 430 F.3d 809, 810 (7th Cir.2005) (citations omitted)). Defendants Pierce and Jones are DISMISSED.

Plaintiff's due process claim is also dismissed. While he claims he did not receive due process at the November 23, 2015 hearing, the fact that the conviction was subsequently expunged is evidence of due process. *See Sanchez v. Godinez,* No. 14-275, 2014 WL 1097435 at *2 (S.D. Ill. March 20, 2014) (where Plaintiff served 30 days segregation on infraction which was ultimately expunged). "As a result, [of expungement] Plaintiff ultimately received the process to which he was due, even though his victory came too late to have prevented him from serving the segregation time. Because the disciplinary action was expunged, and for the reasons outlined below, Plaintiff now has no cognizable civil rights claim." *Id.* at *2. *See also, Leslie v. Doyle*, 125 F.3d 1132, 1137 (7th Cir. 1997) (plaintiff received due process where the review board subsequently cleared him of wrongdoing); *Morissette v. Peters*, 45 F.3d 1119, 1122 (7th Cir. 1995) (no denial of due process if the complained-of error is corrected in the administrative appeal process). The due process claims regarding the investigation and hearing are DISMISSED with prejudice. Defendants Salinas and Brown are DISMISSED.

Plaintiff also makes a general claim that all defendants retaliated against him. To succeed on a retaliation claim, Plaintiff must demonstrate that he suffered retaliation for exercising a constitutionally protected right. *Pearson v. Welborn*, 471 F.3d 732, 738 (7th Cir. 2006) (internal citation omitted). Here, Plaintiff does not identify any First Amendment activity but, instead, asserts that he was retaliated because other inmates reported his alleged threats against staff. The impetus for the alleged retaliation, threats against staff, is not protected First Amendment speech. *See Felton v. Huibregtse*, 525 Fed. Appx. 484, 487 (7th Cir. 2013)

6

(prisoner's insulting letter to staff member was not protected speech).  *See Id*.at 487 citing *Ustrak v. Fairman,* 781 F.2d 573, 580 (7th Cir.1986) (inmate's letter to warden inviting guards to "bring their fat asses around the gallery at night" was not protected speech). *See Watkins v. Kasper*, 599 F.3d 791, 799 (7th Cir. 2010) ("if a prisoner violates a legitimate prison regulation, he is not engaged in 'protected conduct,' and cannot proceed beyond step one of a First Amendment retaliation claim.")  (Internal citation omitted).

Plaintiff claims that he was held in segregation, believed to be investigatory segregation, for 184 days.  He claims to have been subjected to atypical conditions for 129 of these days as he was held behind a perforated steel door, was shackled and handcuffed during transportation, had reduced visitation hours; and no yard time, access to the law library, telephone or A-V privileges. *See Hardaway v. Meyerhoff*, 734 F.3d 740, 743 (7th Cir. 2013) ("an inmate's liberty interest in avoiding segregation is limited. Whether a prisoner has a liberty interest implicated by special confinement relies on whether the confinement imposed an 'atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life'" quoting *Sandin v. Conner,* 515 U.S. 472, 484, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995).  While Plaintiff might otherwise have stated a colorable claim as to the conditions in investigative segregation, he has not identified which of the Defendants he holds liable for placing him in these conditions.  He will be given an opportunity to amend to cure this deficiency.

**IT IS THEREFORE ORDERED:**

1.    Plaintiff's complaint is DISMISSED for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1915A.  Plaintiff will have 21 days in which to file an amended complaint reasserting his claim that he was held in atypical and inhumane conditions in administrative segregation.  The Amended Complaint is to be identified as such and is to include

all of Plaintiff's claims without reference to a prior pleading. Failure to file an amended complaint will result in the dismissal of this case, without prejudice, for failure to state a claim. Plaintiff fails to state a due process claim and it is DISMISSED, as are Defendants Forbes, Cox, Salinas and Brown. Plaintiff's retaliation claim is DISMISSED along with Defendant Prentice. Defendants Steinbeck, Juan Doe and Unknown Offender are also DISMISSED. All other remaining claims are dismissed for misjoinder, without prejudice to Plaintiff asserting these claims in separate complaints.

2. Plaintiff's motion for a Court order to deduct the filing fees from his prison account [3], is rendered MOOT as the filing fee has been paid in full. Plaintiff's motions for status [6], [7] and [10] are rendered MOOT.


| 4/25/2019 | s/ Michael M. Mihm |
|---|---|
| ENTERED | MICHAEL M. MIHM |
| | UNITED STATES DISTRICT JUDGE |