UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| ALVIN WILLIAMS, ) | |
| ) | |
| **Plaintiff,** ) | |
| v. ) | No.: 18-cv-1383-MMM |
| ) | |
| GUY D. PIERCE, et al., ) | |
| ) | |
| **Defendants.** ) | |

## MERIT REVIEW – AMENDED COMPLAINT

Plaintiff, proceeding *pro se*, files an amended complaint under 42 U.S.C. § 1983, alleging a host of constitutional violations at the Pontiac Correctional Center ("Pontiac"). The case is before the Court for a merit review pursuant to 28 U.S.C. § 1915A. In reviewing the Complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649-51 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013)(citation and internal quotation marks omitted). While the pleading standard does not require "detailed factual allegations", it requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Wilson v. Ryker*, 451 Fed. Appx. 588, 589 (7th Cir. 2011) quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Plaintiff has filed a rambling complaint alleging deliberate indifference to a serious medical need, deliberate indifference to his mental health needs, disruption with his mail, confiscation of personal property, defamation, violations of due process, entrapment, denial of legal copies, loss of personal property, denial of yard time, lack of law library time, excessive noise, unsanitary showers and excessive lighting, on dates relating back to October 2015. This, despite the fact that the Court had issued a prior merit review order in which it advised Plaintiff

1

that he could not join numerous unrelated claims in one complaint. *See Wheeler v. Wexford*, 689 F.3d 680 at *5 (7th Cir 2012). In addition, Plaintiff reasserts previously dismissed due process claims and claims against several Defendants based solely on their having denied his grievances.

Plaintiff asserts that on October 4, 2015, another inmate, Terrance Jenkins, died while in the custody of three Pontiac guards. When he learned of it, Plaintiff stated "if they killed him, they'll get what they got coming, charges for murder." Plaintiff asserts that inmates John Steinbeck, Juan Maysonet and another unknown individual defamed him by providing false and misleading information to the Intelligence Unit, asserting that Plaintiff would retaliate for the death of Terrance Jenkins. Plaintiff claims he was wrongfully disciplined as a result of the inmates' actions, losing state pay and personal property, likely due to it having been confiscated by security staff.

Plaintiff pleads a Count II claim against Ian Cox, Lt. Forbes and a Doe Officer for not conducting an adequate investigation into the charges. He claims, also, that they confiscated his excess legal boxes. Here, Plaintiff claims, alternately, that Defendants destroyed the documents and that they shuffled and mixed up the order of the documents. He claims, also, that Defendants took him out of protective custody, placing him with segregation inmates who were mentally ill.

In Count III, Plaintiff alleges that Kelly Davidson and a John Doe Voice Stress Analysis ("VSA) Examiner violated his due process rights. On October 27, 2015, Plaintiff was taken to Internal Affairs for the VSA lie detector test. He claims that after the test was completed the VSA Examiner approached Defendants Cox and Forbes with fabricated information.

In Count IV, Plaintiff asserts that Adjustment Committee members Salinas and Brown did not provide him due process at the disciplinary hearing. The November 23, 2015 hearing

was allegedly inadequate as Defendants did not call the witnesses whom Plaintiff had identified and failed to provide other procedural safeguards. As Plaintiff asserted in both the original and amended complaints, however, the conviction was later expunged. The Court, in fact, dismissed this claim at merit review, finding that Plaintiff had received due process by the expungement.

In Count V, Plaintiff reasserts the previously dismissed claim against Defendant Warden Pierce and Grievance Officer James for denying his grievances. As the Court has already noted, "the alleged mishandling of [Plaintiff's] grievances by persons who otherwise did not cause or participate in the underlying conduct states no claim." *Owens v. Hinsley,* 635 F.3d 950, 953 (7th Cir. 2011).

In Count VI Plaintiff states an unrelated claim that on October 29, 2015, Defendants Prentice, Tilden and Ojelade refused to issue him a knee sleeve brace while he was in segregation. This claim, too, was previously dismissed for misjoinder but Plaintiff, undissuaded, reasserts it here. He also claims that, from October 28, 2015 through April 27, 2016, Defendants failed to treat a rash and lump on his shoulder.

In Count VII, Plaintiff makes the bare allegation that on unidentified dates, Dr. Allie and unknown John and Jane Doe Defendants denied him mental health treatment. In Count VIII, Plaintiff alleges that Defendants Potts, Sartain and Vilt denied him legal copies and "possibly" interfered with him retaining an attorney. Here, again, Plaintiff fails to identify the date of the alleged occurrences. In Count IX, Plaintiff alleges that he was subjected to a variety of unconstitutional conditions of confinement from October 16, 2015 through June 29, 2016.

Here, Plaintiff has pled complaints which occurred from October 14, 2015 through June 29, 2016. Plaintiff did not file his complaint, however, until October 18, 2018, more than two years after the latest of the events and more than three years after the earliest. The only potential

3

exceptions are his complaints of lack of mental health treatment and the failure to provide legal copies where he fails to identify any dates at all. These claims cannot go forward, however, as there is no identified timeframe and it is likely that these, too, occurred between October 14, 2015 and June 29, 2016.

It appears here that the claims asserted in the amended complaint are barred by the applicable statute of limitations. Claims brought under § 1983 are generally governed by a two-year statute of limitations. *Draper v. Martin,* 664 F.3d 1110, 1113 (7th Cir. 2011) ("[i]n Illinois, the statute of limitations period for § 1983 claims is two years, 735 ILCS 5/13-201"). *See also*, *Bray v. Gary Police Dept. Chief*, No. 10-229, 2010 WL 2674531 (N.D. Ind. June 28, 2010) ("[t]he statute of limitations is an affirmative defense, but if a plaintiff "pleads facts that show his suit is time-barred or otherwise without merit, he has pleaded himself out of court.")

The Court notes, however, that the statute of limitations will be tolled during the time the plaintiff seeks to exhaust administrative remedies. *Johnson v. Rivera,* 272 F.3d 519, 521-22 (7th Cir. 2001). While it is likely that the claims are time-barred, Plaintiff will be given an opportunity to amend. If Plaintiff files a second amended complaint, he is to identify any claims that were in the grievance process long enough to toll the statute of limitations. Plaintiff is cautioned that he is not to merely to file 50 or 60 pages of grievance, as done with his original complaint. Rather, he is to identify any allegations for which the grievance process had not been completed by October 19, 2016. In the alternative, if Plaintiff's claims as to lack of mental health treatment are more current, he may file an amended complaint on this issue, providing the dates and particulars as to Defendants' alleged refusal to provide the necessary care. If Plaintiff's claims as to the legal copies occurred within the statute of limitations, he may file it as a separate action as it is unrelated to the claims regarding the mental health treatment.

Plaintiff is not, however, to continue to replead unrelated claims in one complaint. *See Davis v. Harding*, 12-cv-559, 2013 WL 6441027, at *2 (W.D. Wis. Dec. 9, 2013) (a plaintiff may join several defendants in one suit only if the claims arose out of a single transaction and contain a question of fact or law common to all the defendants); Fed.R.Civ.P. 20(a). *See also*, *Wilson v. Bruce*, 400 Fed. Appx. 106 (7th Cir. 2010) (upholding the District Court's finding of misjoinder). "Though all are based on events that allegedly took place during [Plaintiff's] detention, the...claims otherwise share no common questions of law or fact." *Id.* at 108. Plaintiff is placed on notice that, if he files a second amended complaint and does not comply with these instructions, his complaint will be dismissed and he may be precluded from filing a subsequent amendment. This is so, as courts are not required to allow a party to replead after "repeated failure to cure deficiencies by amendments previously allowed." *Stanard v Nygren,* 658 F.3d 792, 801 (7th Cir. 2011)(dismissing third amended complaint for plaintiff's failure "to follow basic instructions from the court.")

**IT IS THEREFORE ORDERED:**

1. Plaintiff's amended complaint is DISMISSED for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1915A. Plaintiff will have 21 days in which to file a second amended complaint which complies with this order.

2. Failure to file a second amended complaint will result in the dismissal of this case, without prejudice, for failure to state a claim.

3. Plaintiff's motions for status [15] and [16] are rendered MOOT.

10/10/2019　　　　　　　　　　　　　　s/Michael M. Mihm
ENTERED　　　　　　　　　　　　　　　MICHAEL M. MIHM
　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE