# UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| ALVIN WILLIAMS, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) No.: 18-cv-1383-MMM |
| | ) |
| GUY D. PIERCE, et al., | ) |
| | ) |
| Defendants. | ) |

## MERIT REVIEW – SECOND AMENDED COMPLAINT

Plaintiff, proceeding *pro se*, files a second amended complaint under 42 U.S.C. § 1983, alleging due process violations at the Pontiac Correctional Center ("Pontiac"). The case is before the Court for a merit review pursuant to 28 U.S.C. § 1915A. In reviewing the second amended complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649-51 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013)(citation and internal quotation marks omitted). While the pleading standard does not require "detailed factual allegations," it requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Wilson v. Ryker*, 451 Fed. Appx. 588, 589 (7th Cir. 2011) quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Plaintiff asserts that on October 4, 2015, another inmate, Terrance Jenkins, died while in custody. When he learned of it, Plaintiff stated "if they killed him, they'll get what they got coming, charges for murder." Plaintiff asserts that inmates John Steinbeck, Juan Maysonet reported to authorities that Plaintiff had threatened to retaliate against staff for the death of Terrance Jenkins.

In Count I, Plaintiff alleges a due process claim against Defendants Cox and Forbes. He asserts that on November 11, 2015, Defendants Cox and Forbes issued him a disciplinary report charging him with Impeding or Interfering with an Investigation, and Dangerous Communications. Plaintiff alleges that the disciplinary report did not comport with regulations as it did not allege the place, time, and date of the alleged offenses, or inform him of the subject of the investigation. Plaintiff alleges that as a result of the disciplinary report, he was placed in disciplinary segregation where he suffered an atypical and significant hardship.

In Count II, Plaintiff re-pleads the same allegations against Defendant Cox, asserting that Defendant Cox violated Plaintiff's due process rights in retaliation for Plaintiff's perceived threats against correctional staff.

In Count III, Plaintiff alleges that Adjustment Committee members Salinas and Brown violated his due process rights at the time of the November 23, 2015 disciplinary hearing. Plaintiff alleges that Defendants did not call the witnesses whom he had identified and did so in retaliation for his perceived threats against correctional staff. Plaintiff indicates, further, that on November 14, 2016, the Administrative Review Board ("ARB"), expunged the disciplinary conviction.

On April 25, 2019, the Court dismissed the due process claims finding that, as Plaintiff's conviction was subsequently expunged, he had received due process. *See Sanchez v. Godinez,* No. 14-275, 2014 WL 1097435 at *2 (S.D. Ill. March 20, 2014) "As a result, [of expungement] Plaintiff ultimately received the process to which he was due, even though his victory came too late to have prevented him from serving the segregation time. Because the disciplinary action was expunged, and for the reasons outlined below, Plaintiff now has no cognizable civil rights claim." *See also, Leslie v. Doyle*, 125 F.3d 1132, 1137 (7th Cir. 1997) (plaintiff received due

process where the review board subsequently cleared him of wrongdoing); *Morissette v. Peters*, 45 F.3d 1119, 1122 (7th Cir. 1995) (no denial of due process if the complained-of error is corrected in the administrative appeal process)." The due process claims are DISMISSED with prejudice.

Plaintiff also asserts that when Defendants violated his due process rights they did so in retaliation for his perceived threats against correctional staff. The claims at issue, however, occurred in October and November 2015, and Plaintiff did not file his complaint until October 18, 2018. The Court previously noted that these claims appear to be barred by the statute of limitations as claim brought under § 1983 must generally be filed within two years of the event. *Draper v. Martin,* 664 F.3d 1110, 1113 (7th Cir. 2011) ("[i]n Illinois, the statute of limitations period for § 1983 claims is two years, 735 ILCS 5/13-201"). *See also*, *Bray v. Gary Police Dept. Chief*, No. 10-229, 2010 WL 2674531 (N.D. Ind. June 28, 2010) ("[t]he statute of limitations is an affirmative defense, but if a plaintiff "pleads facts that show his suit is time-barred or otherwise without merit, he has pleaded himself out of court.")

In its prior merit review order, the Court had advised Plaintiff that the statute of limitations would be tolled during the period he sought to exhaust his administrative remedies. *Johnson v. Rivera,* 272 F.3d 519, 521-22 (7th Cir. 2001). Plaintiff was instructed that if he filed a second amended complaint, he was to identify any related grievances which would toll the statute of limitations. Plaintiff has provided a handwritten list of nine grievances. None of them, however, allege retaliation so as to toll the statute of limitations as to the only claims remaining in this case.

The Court hereby finds that Plaintiff's claims are precluded by the Illinois two-year statute of limitations. Accordingly, this case is DISMISSED with prejudice.

**IT IS THEREFORE ORDERED:**

1) Plaintiff's third amended complaint is DISMISSED with prejudice for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1915A. Any amendment to the third amended complaint would be futile due to the application of the Illinois statute of limitations. This case is therefore closed. The clerk is directed to enter a judgment pursuant to Fed. R. Civ. P. 58.

2) If Plaintiff wishes to appeal this dismissal, he must file a notice of appeal with this Court within 30 days of the entry of judgment. Fed. R. App. P. 4(a). A motion for leave to appeal in forma pauperis should set forth the issues Plaintiff plans to present on appeal. See Fed. R. App. P. 24(a)(1)(C). If Plaintiff does choose to appeal, he will be liable for the $505 appellate filing fee irrespective of the outcome of the appeal.

_4/22/2020_  
ENTERED

s/Michael M. Mihm  
MICHAEL M. MIHM  
UNITED STATES DISTRICT JUDGE