UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| ALVIN WILLIAMS, | ) |
| | ) |
| Plaintiff, | ) |
| v. | )  No.: 18-cv-1383-MMM |
| | ) |
| GUY D. PIERCE, et al., | ) |
| | ) |
| Defendants. | ) |

**MERIT REVIEW – THIRD AMENDED COMPLAINT**

On April 22, 2020, the Court undertook a merit review of Plaintiff's second amended complaint in which he alleged that he had not be afforded due process in disciplinary proceedings stemming from charges he had threatened officers. Plaintiff claimed that as a result of the inadequate disciplinary proceedings, he was sentenced to five months in segregation where he was subjected to atypical conditions of confinement. He also alleged that Defendants' actions had been motivated by retaliation based on their belief that he had threatened officers. The District Court dismissed the second amended complaint it in its entirety, with prejudice. Plaintiff appealed, with the Seventh Circuit reversing the dismissal of the due process claims but affirming the District Court in all other respects. Plaintiff now files a third amended complaint which is before the Court for a merit review pursuant to 28 U.S.C. § 1915A.

In reviewing the Complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. *Turley v. Rednour,* 729 F.3d 645, 649-51 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face. *"Alexander v. United States,* 721 F.3d 418, 422 (7th Cir. 2013) (citation and internal quotation marks omitted). While the pleading standard does not require "detailed factual allegations", it requires "more than an unadorned, the-

defendant-unlawfully-harmed-me accusation." *Wilson v. Ryker*, 451 Fed. Appx. 588, 589 (7th Cir. 2011) quoting *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).

## FACTS

As noted, the Seventh Circuit has issued a Mandate as to the dismissal of the second amended complaint. There, the Appellate Court foreclosed the re-litigation of some issues which Plaintiff reasserts in his third amended complaint. The Court will, therefore, re-visit the allegations of the second amended complaint and the findings made at the District Court and Appellate Court levels.

In Count I of the second amended complaint, Plaintiff alleged that Defendants Cox and Forbes violated his due process rights when they served him a disciplinary report which did not provide him adequate notice as it did not disclose the nature, place, time, and date of the offense; and that Defendants did not record their interview with Plaintiff. In Count II, Plaintiff pled that Defendant Cox had retaliated against him for his perceived threats against officers. In Count III, Plaintiff pled that Adjustment Committee members Salinas and Brown violated his rights to procedural due process when they did not call his identified witnesses at the November 23, 2015 disciplinary hearing. Plaintiff also alleged in Count III that Defendants Salinas and Brown had done this in retaliation for his perceived threats against officers. As noted, Plaintiff was convicted of having made the threats and spent five months in disciplinary segregation, having already spent three months in investigative segregation.

To establish a procedural due process claim, Plaintiff was required to assert the violation of a protected liberty interest. He did this by claiming that when in disciplinary segregation, he was subjected to deplorable and atypical conditions of confinement. *See Sandin v. Connor*, 515 U.S. 472, 484-486 (1995). The Seventh Circuit identified Plaintiff's allegations regarding the

atypical conditions as the lack of bedding, relentless light which made it impossible to sleep, being threatened by other inmates, and being held in conditions rife with urine and feces.

In November 2016, the Administrative Board overturned the disciplinary conviction, finding that Plaintiff had had not received adequate notice prior to the disciplinary hearing; and that the disciplinary hearing was flawed as he had not been allowed to call witnesses. The conviction was ultimately expunged.

When the District Court conducted a merit review of the second amended complaint, it dismissed the due process claim on the belief that the expungement had provided Plaintiff all the process he was due. The Seventh Circuit Appellate Court reversed, finding that "the expungement came five months after Williams had served his time in punitive segregation-too late to protect his liberty interest in avoiding the allegedly atypical hardships faced there." [ECF 34 at 5]. The Seventh Circuit vacated the dismissal of the due process claims, affirming the District Court's judgment in all other respects, remanding for further proceedings.

As noted, the District Court had also dismissed the retaliation claims with prejudice as having been filed outside of the applicable statute of limitations. The District Court noted that the retaliation of which Plaintiff complained had occurred in October and November 2015 and Plaintiff did not file his initial Complaint until October 18, 2018. *Draper v. Martin,* 664 F.3d 1110, 1113 (7th Cir. 2011) (§ 1983 claims are subject to the Illinois two-year statute of limitations). The Seventh Circuit affirmed, for the reasons relied upon by the District Court.

The Appellate Court refused to consider the additional conditions of confinement claims Plaintiff first raised in his appellate briefing, as he had not pled them in the second amended complaint. These included alleged "denials of medical care, edible food, mail services, and human contact." Plaintiff had pled some of these claims in his initial and amended complaints,

3

alleging "deliberate indifference to a serious medical need, deliberate indifference to his mental health needs, disruption with his mail, confiscation of personal property, defamation, violations of due process, entrapment, denial of legal copies, loss of personal property, denial of yard time, lack of law library time, excessive noise, unsanitary showers and excessive lighting, on dates relating back to October 2015." The Court had dismissed these for misjoinder and as violating the statute of limitations.

As noted, Plaintiff did not reassert these free-standing conditions of confinement claims in the second amended complaint, but attempts to do so now in the third amended complaint. Here, he asserts additional atypical conditions during the time he was in segregation; including that he was strip searched, dog leashed, denied law library, lost AV privileges, and was provided cold and inadequate meals. He also pleads other inhumane conditions without specifying the dates on which they occurred.

## ANALYSIS

As the Seventh Circuit has upheld the District Court's dismissal of the retaliation claims, Plaintiff may not replead them in a third amended complaint. In addition, the Seventh Circuit refused to consider the free-standing conditions of confinement claims regarding the denial of medical care, edible food, mail services, and human contact, newly identified in the appellate briefing. Plaintiff had asserted many of these claims in his initial and amended complaints which were dismissed without prejudice on April 25, 2019 and October 10, 2019, respectively. Plaintiff did not subsequently replead them and they are now barred under the statute of limitations.

This is so, as some of Plaintiff's conditions of confinement claims occurred as early as 2015. Even the additional inhumane conditions which he claims to have suffered in disciplinary segregation occurred sometime prior to November 2016. Plaintiff's third amended complaint was

4

not filed until September 29, 2021, well beyond the two-year statute of limitations. The fact that Plaintiff had pled some of these conditions in his initial and amended complaints is unavailing as, when a federal civil suit is dismissed without prejudice, there is no tolling of the statute of limitations. *See Lee v. Cook County, Ill.*, 635 F.3d 969, 971–72 (7th Cir. 2011). "[T]he statute of limitations is deemed to have continued running from whenever the cause of action accrued, without interruption by that filing. In other words, a suit dismissed without prejudice is treated for statute of limitations purposes as if it had never been filed." *Id*. at 972.

As a result, the only timely remaining claims are those due process claims asserted against Defendants Cox, Forbes, Salinas and Brown, as identified in the Seventh Circuit Mandate. *See Kovacs v. United States,* 739 F.3d 1020, 1024 (7th Cir.2014) ("[a] court to which a case has been remanded may address only the issue or issues remanded, issues arising for the first time on remand, and issues that were timely raised but which remain undecided.")

As Plaintiff's third amended complaint attempts to assert matters which were dismissed and not appealed, and to revive matters which were denied by the District Court and affirmed by the Appellate Court, it is DISMISSED. This case shall proceed on the allegations of the second amended complaint, as identified in the Mandate. No further amendments will be allowed.

**IT IS THEREFORE ORDERED:**

Plaintiff's third amended complaint is DISMISSED with prejudice and this case will proceed as to the allegations of the second amended complaint as remanded by the Seventh Circuit Court of Appeals.

  2/1/2022  
ENTERED

    s/Michael M. Mihm  
MICHAEL M. MIHM  
UNITED STATES DISTRICT JUDGE